IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 15-cv-02650-RBJ

MARY TAPPS,

    Plaintiff,

v.

GREYHOUND BUS LINES, INC.,

    Defendant.

## ORDER

After dismissing the majority of plaintiff Mary Tapps' suit against defendant Greyhound Bus Lines, Inc. on October 20, 2016, the Court *sua sponte* ordered the parties to show cause within 14 days why it should not dismiss plaintiff's remaining two breach of contract claims for lack of subject matter jurisdiction. ECF No. 17. Only plaintiff responded. ECF No. 18. She argues that, although there is no longer a federal question involved in this lawsuit, the Court retains subject matter jurisdiction because her remaining claims meet the requirements for diversity jurisdiction given that the parties are diverse and that "she now seeks $100,000" in damages. *See id.* at ¶¶3, 15–16; 28 U.S.C. § 1332.

Although a court must generally accept the amount a party asserts it seeks in determining whether the "amount in controversy" requirement for diversity jurisdiction has been met, it must decide whether this assertion has been made in "good faith." *See Gibson v. Jeffers*, 478 F.2d 216, 220 (10th Cir. 1973). Considering what remains of plaintiff's suit—two breach of contract claims based on her purchase of bus tickets for trips she took in December 2012 and January

2013—it is clear to me that plaintiff's assertion of $100,000 in damages does not meet the jurisdictional amount requirement.

At most, if plaintiff were ultimately successful at trial on the claims that remain, she would be entitled to damages that place her "in the same position [she] would have occupied had the breach not occurred." *See, e.g.*, *Pomeranz v. McDonald's Corp.*, 843 P.2d 1378, 1381 (Colo. 1993). That cannot total $100,000, let alone exceed the $75,000 needed to satisfy the amount in controversy requirement. *See* 28 U.S.C. § 1332(a). Rather, it appears that the basis for plaintiff's position that her claims are worth that amount are probably arguments about damages from causes of action this Court has already dismissed. *See* ECF No. 18 at ¶15, 19.

Plaintiff made many points in her response to the show cause order with which I agree. I assume without deciding that her contract claims are meritorious. I understand her desire to use the litigation forum to discourage the defendant from what she believes to be mistreatment of disabled individuals. I admire people who stand up for their rights and the rights of others. The problem here is that her response did not address in a meaningful way the jurisdictional issue. Plaintiff did not show, or make any effort to show, how her breach of contract claims arising from her purchase of two bus tickets could conceivably result in damages exceeding $75,000. Therefore, without in any sense demeaning Ms. Tapps' good faith belief in the merits of her cause, I cannot find that the assertion of $100,000 has a good faith basis in fact or law.

Accordingly, the Court dismisses without prejudice the remainder of plaintiff's suit for lack of subject matter jurisdiction.

DATED this 2nd day of March, 2017.

BY THE COURT:

*[signature: Brooke Jackson]*

_____
R. Brooke Jackson
United States District Judge